UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Watchdog (FJ) Miller,<br>   Plaintiff,<br><br>-v-<br><br>The City of Grand Rapids,<br>   Defendant. | No. 1:17-cv-318<br><br>HONORABLE PAUL L. MALONEY |

# ORDER

This matter is before the Court on Defendant "Watchdog Miller's" motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 4.) Plaintiff alleges that Defendant, the City of Grand Rapids, violated Title VI of the 1964 Civil Rights Act and the Fourteenth Amendment by removing a "U-turn lane." (ECF No. 1 at PageID.2–4.) Plaintiff further alleges that Defendant violated the 1970 federal RICO Act on several grounds. (ECF No. 1 at PageID.4–5.) Defendant filed a motion to dismiss on April 4, 2017. (ECF No. 4.) Plaintiff did not file a response to Defendant's motion, but the Court must still evaluate the sufficiency of the Complaint. *See Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991).

## I.

"The doctrine [of standing to sue] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see, e.g., Allen v. Write*, 468 U.S. 737, 751 (1984).

"[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 556, 560

(1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).

For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). "An injury must also be 'concrete'"—that is, it "must be '*de facto*'" and "actually exist." *Id.*

"Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element [of standing]." *Id.* at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). And, of course, a plaintiff "must demonstrate standing for *each claim* he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (emphasis added); *accord Town of Chester, N.Y. v. Laroe Estates, Inc.*, __ S Ct. __, 2017 WL 2407473, at *5 (2017).

In this case, Plaintiff has failed to establish standing for nearly all his claims.[1]

---

[1] Curiously, the City of Grand Rapids did not advance any standing argument and instead chose to file a twenty-two page motion to dismiss under Fed. R. Civ. P. 12(b)(6). But, of course, the Court must consider standing before the merits of any claim. *See Merrimon v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 52 (1st Cir. 2014) ("The presence or absence of constitutional standing implicates a federal court's subject-matter jurisdiction. When an issue implicates subject-matter jurisdiction, a federal court is obliged to resolve that issue even if the parties have neither briefed nor argued it.").

Plaintiff's primary claim is that the City of Grand Rapids has violated Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment of the United States Constitution by closing a "U-turn slip lane" in front of the Ford Federal Building. (ECF No. 1 at PageID.2.) Plaintiff alleges that the U-turn slip lane is "named [after] Plaintiff's brother-in-law," and as an aside, complains that bus service left that area and the U.S. Post Office was "viciously closed in 2004." (*Id.*)

Plaintiff has not sufficiently pled that he has or will suffer any personal injury from the closure of the U-turn lane. (*Id.* at PageID.3-4.) Moreover, while Plaintiff baldly cites various suspect classifications, he has not sufficiently alleged how closing the U-turn lane had anything to do with unlawful discrimination. Accordingly, Plaintiff's primary claim fails.

Plaintiff next advances several claims against actions taken by the City, which he alleges are "pressing" violations of the Federal RICO Act of 1970:

> (1) "[n]o dollar figures are ever listed on GR City Commission main meeting agenda (including a disgraceful $610K Nelson-Nygaard contracts to a San Francisco firm)";
> (2) "[a] City Commission working 40% fewer hours than under U.S. veteran Mayor Logie, with 60% less public input, appoints payrollers and other beneficiaries to its LOCO that determines GR City Commission pay";
> (3) City Hall refuses to release tapes for those LOCC (Local Officers Compensation Committee) meetings [and] [m]inutes are not done until the last moment";
> (4) "[a]mbush government with drive by procedures include vicious meeting start-times, as early as 7:30 AM, massively dispiriting and disenfranchising the public, while killing off working class participation";
> (5) "[d]iscriminatory service such as plowing downtown sidewalks, but not neighborhood sidewalks;
> (6) "City DDA and DGRI agenda are never mailed out to activists (a Federal matter). Mailing requests to the DDA have been ignored for twelve years now (disenfranchising senior citizens)";

(7) "Sanctuary City favoritism funds the Hispanic Center, while de facto dropping the honorable word 'citizen' around City Hall";
(8) "[f]ailure to close Central Station under *Boynton v. Virginia (1960)*";
(9) "[o]ngoing bus stop kleptomania stealing vital bus stops including all east Leonard stops from College past Fuller, plus wheelhouse Miller Johnson on Ionia, Rowe Olds Manor (Post Office) stops, this GR Ford local stop on Ottawa as well as most stops on downhill Pill Hill Michigan";
(10) "[s]pending $450K to prettify Lyon Square off Monroe, where this veteran was threatned with arrest for lawful First Amendment Leafleting"; and
(11) "[a] similar sum will be spent on 'Calder Plaza' below City Hall where our city bus system has been basically banished to Mayor Bliss' favorite beerhall [and] Founders picked up her $1200 victory night bar tab."

(*Id.* at PageID.4–5.)

Nearly all of these claims are devoid of any "factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Crucially, almost none of these claims allege any "concrete" and "particularized" injury. *See Spokeo*, 136 S. Ct. at 1547. Thus, Plaintiff has also failed to carry his "burden" to establish standing. *See Lujan*, 504 U.S. at 561.

In their best light, Plaintiff's claims would require "adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian College v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 475 (1982). Plaintiff alleges, as the fourth claim forecasts, that all of the City's actions merely (and allegedly) "dispirit[] and disenfranchise[] the public." (*Id.* at PageID.4.)

While a City's "watchdog" may pass judgement on any alleged wrong as he sees fit to criticize, a federal court may not pass judgment on such matters as a prudential matter. *See Warth v. Seldin*, 422 U.S. 490, 499–500 (1975); *accord Valley Forge Christian College*, 454 U.S. at 475.

4

The only allegation that arguably alleges a concrete and particularized injury sufficient to establish standing concerns Plaintiff's apparent "threatened . . . arrest for lawful First Amendment Leafleting." (ECF No. 5-1 at PageID.40.) But even assuming Plaintiff adequately alleges facts supporting standing with respect to that particular claim, the claim is a "naked assertion devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal citation and quotation marks omitted), and thus fails to form the basis for a RICO claim to survive Rule 12(b)(6).[2]

In sum, Plaintiff has failed to establish "facts demonstrating each element" of standing, *Spokeo*, 136 S. Ct. at 1547, for nearly every claim. *See Davis*, 554 U.S. at 734. For the balance, Plaintiff fails to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6).

Thus, the Court **DENIES** Plaintiff's motion for a temporary restraining order (ECF No. 1) and **GRANTS** Defendant's motion to dismiss (ECF No. 4); but the Court dismisses this action largely for different reasons than what Defendant requests.

Judgment will enter separately.

**IT IS SO ORDERED.**

Date:  June 12, 2017                                          /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge

---

[2] The Court would also note that had it not dismissed the rest of the claims for lack of standing, it would also have dismissed those claims for failing to allege sufficient facts to state a plausible claim for relief.